**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEPHEN LEE TANNER o/b/o**
**MICHELLE BONNAIN TANNER,**

      **Plaintiff,**

v.                                             **Case No:  8:13-cv-2835-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

The Plaintiff Stephen Lee Tanner (the "Plaintiff") brings this action on behalf of the Claimant Michelle Bonnain Tanner (the "Claimant"), who passed away after this action was filed (*see* Doc. No. 15 at 1-3), pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying the Claimant's applications for disability insurance benefits ("DIB").  Doc. Nos. 1, 11, 15, 16.[1]  Plaintiff argues, among other things, that the Appeals Council erred by failing to consider or admit new evidence into the administrative record from an examining consultative orthopedic surgeon, Dr. Donald I. Goldman.  Doc. No. 16 at 20-22.[2]  For

---

[1] Claimant filed this action on November 6, 2013.  Doc. No. 1.  On February 28, 2014, counsel for Claimant filed a motion stating that Claimant died on October 29, 2013, and attaching copies of Claimant's death certificate and the marriage license between Plaintiff and Claimant.  Doc. Nos. 11, 11-1, 11-2.  In the motion, counsel requests that Plaintiff be substituted as the plaintiff in this action.  Doc. No. 11.  On March 7, 2014, the Honorable Mary S. Scriven, United States District Court Judge, entered an order granting the motion, terminating Claimant as the plaintiff in this action, and adding Plaintiff as the party plaintiff.  Doc. No. 15 at 1-3.  Pursuant to 42 U.S.C. 404(d), Plaintiff, as the surviving spouse of Claimant, is entitled to receive any DIB which Claimant would have been entitled.  *See* Doc. No. 15 at 3.

[2] The Plaintiff also raises several other issues on appeal.  *See* Doc. No. 16 at 15-22.  However, the Court finds the issue described above is dispositive.  Accordingly, the Court will not address the balance of the issues raised on appeal.

the reasons set forth below, the final decision of the Commissioner is **REVERSED** and **REMANDED** to the Appeals Council for further proceedings.

I. <u>**ANALYSIS**</u>.

On June 7, 2010, Claimant filed an application for a period of disability and DIB, alleging an onset of disability beginning January 1, 2010. R. 14, 133-36. On May 17, 2012, the Administrative Law Judge (the "ALJ") issued a decision finding Claimant not disabled from January 1, 2010 through the date of the ALJ's decision. R. 14-24. On June 12, 2012, Claimant requested review of the ALJ's decision from the Appeals Council. R. 9. On September 6, 2013, the Appeals Council denied Claimant's request for review. R. 1-6.

In its order denying Claimant's request for review, the Appeals Council states the following under the heading "What We Considered":

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence by way of explanation from Ricky P. Lockett, DO dated September 19, 2012. . . .
>
> We considered whether the [ALJ's] action, findings or conclusion is contrary to the weight of the evidence currently of record. We found that this information does not provide a basis for changing the [ALJ's] decision.
>
> <u>We also looked at reports from Donald I. Goldman, MD, a new medical provider, who examined the claimant for the first time on October 29, 2012 and provided subsequent medical records up to and including November 16, 2012 reports. The [ALJ] decided your case through May 17, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 17, 2012.</u>
>
> <u>If you want us to consider whether you were disabled after May 17, 2012, you need to apply again. We are returning the evidence to you to use in your new claim</u>.

R. 2 (emphasis added). The Appeals Council's order does two things. First, it states that the Appeals Council considered the reasons why Claimant disagrees with the ALJ's decision and

"additional evidence" from Dr. Lockett. R. 2. The Appeals Council concludes that "this information does not provide a basis for changing the [ALJ's] decision." R. 2.[3]

Second, the Appeals Council states that it "also looked at reports" from Dr. Goldman, who did not examine the Claimant until October 29, 2012, but, since the Appeals Council found that evidence concerns a time period after the ALJ's May 17, 2012 decision, it decided that evidence does not affect the ALJ's decision about whether Claimant was disabled as of the date of the ALJ's decision. R. 2 (emphasis added). The Appeals Council then states it is returning the evidence from Dr. Goldman so that Claimant may use it in a new claim. R. 2. Thus, the Appeals Council did not make Dr. Goldman's records part of the administrative record (R. 2, 5-6) and they are not contained in the certified record on appeal to this Court. R. 1-546. Nevertheless, Plaintiff attaches Dr. Goldman's records to Plaintiff's memorandum on appeal. *See* Doc. Nos. 16-2, 16-3.[4]

The Appeals Council's order correctly states that Dr. Goldman's reports are dated October 29, 2012 (Doc. No. 16-3 at 1) and November 16, 2012 (Doc. No. 16-2 at 1). R. 2. Based on the date of Dr. Goldman's respective reports, the Appeals Council concludes that they do not affect the ALJ's decision because they were issued after date of the ALJ's May 17, 2012 decision. However, the October 29, 2012 report clearly states that "the earliest date that the description of symptoms and limitations [contained] in this questionnaire applies" is January 21, 2010, which is prior to the ALJ's decision and during the relevant period at issue – January 1, 2010 through May 17, 2012. Doc. No. 16-3 at 7; R. 14, 24. Similarly, Dr. Goldman's November 16, 2012 report (Doc. No. 16-2 at 1-7) includes a review of Claimant's medical condition and treatment records

---

[3] The Appeals Council made the additional evidence from Dr. Lockett part of the administrative record. *See* R. 2, 5-6, 545-546.

[4] The Commissioner tacitly concedes that the records from Dr. Goldman attached to Plaintiff's memorandum are the records Claimant submitted to the Appeals Council. Doc. No. 17 at 22-23 (failing to challenge the authenticity of Dr. Goldman's records).

from at least February 3, 2009 (Doc. No. 16-2 at 4) (discussing EMG study from 2009) through October 29, 2012, a contemporaneous physical examination, and a medical opinion that the alleged onset date of Claimant's limitations is January 21, 2010, which is within the relevant time period. Doc. No. 16-2 at 1-7. Thus, both of Dr. Goldman's reports constitute retrospective medical opinions relating to the relevant time period before the ALJ's decision. Doc. Nos. 16-2; 16-3.[5] Accordingly, the Appeals Council's finding that Dr. Goldman's reports relate to a later time period and, therefore, do not affect the ALJ's decision about whether Claimant was disabled on or before May 17, 2012 is clearly erroneous. R. 2.

A claimant is entitled to present new evidence at each stage of the administrative proceedings, including on appeal to the District Court. *See Ingram*, 496 F.3d at 1261. The Appeals Council is require to consider new and material evidence presented to it for the first time if it relates to the period on or before the date of the ALJ's decision. *See Keeton v. Dep't of Health and Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Ingram*, 496 F.3d at 1261; 20 C.F.R. §§ 404.970(b), 416.1470(b) ("Appeals council shall evaluate the entire record including the new and material evidence submitted to it <u>if it relates to the period on or before the date of the [ALJ's] hearing decision</u>.") (emphasis added). The Appeals Council's failure to consider new evidence and to deny review is part of the Commissioner's final decision and "subject to judicial review under sentence four of section 405(g)." *Ingram*, 496 F.3d at 1265. "When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision . . . amounts to

---

[5] In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit defined a medical opinion as whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). Dr. Goldman's reports clearly constitute medical opinions under *Winschel*. See Doc. Nos. 16-2, 16-13. Moreover, a claimant may rely on retrospective medical opinions. *See Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983).

an error of law." *Keeton*, 21 F.3d at 1066. *See also Ingram*, 496 F.3d at 1264-65 (emphasizing the above-stated holding in *Keeton*).

In *Carey v. Colvin*, No. 8:12-cv-2362-T-33EAJ, 2014 WL 7788475, at *3-5 (M.D. Fla. Mar. 10, 2014), the court was presented with factually analogous circumstances. There, the ALJ decided the case on July 8, 2011. *Carey*, 2014 WL 7788475, at *4 (M.D. Fla. Mar. 10, 2014). The claimant presented new evidence to the Appeals Council, some of which was not contained in the certified administrative record to the district court on appeal, but which was provided by the claimant in his briefing to the district court. *Id*. at *4 n.3 (providing that the December 6, 2011 medical source statement given to the Appeals Council was not contained in the record but was submitted by the claimant). The key piece of evidence submitted to the Appeals Council, but not contained in the record was a medical source statement dated December 6, 2011, which post-dated the ALJ's decision. *Id*. at *4. "The Appeals Council determined that [the December 6, 2011 medical source statement] related to the time period after the ALJ rendered his opinion and did not pertain to the ALJ's decision regarding disability before July 8, 2011." *Id*. The Court found that the Appeals Council's determination was erroneous because the medical source statement "referred to [the claimant's] mental symptoms before July 8, 2011." *Id*. at *4-5.

In *Carey*, the Court held that the Appeals Council's determination was erroneous but, moreover, its failure "to include in the administrative record all of the new evidence it reviewed . . . makes it impossible for the district court to determine whether the Appeals Council correctly rejected the evidence submitted after the ALJ's decision." *Id*. at *5. The Court concluded that remand was necessary under sentence four of 42 U.S.C. § 405(g).

The Court finds *Carey* persuasive, warranting the same result. In this case, the Claimant submitted new evidence to the Appeals Council, which includes medical opinions from Dr.

Goldman that relate to the relevant time period and which, if credited, provide more restrictive limitations than those determined by the ALJ. *See* R. 2, 17 (the ALJ's residual functional capacity assessment); Doc. Nos. 16-2 at 5-7 (Dr. Goldman's medical opinion reflecting more severe limitations); 16-3 at 1-7 (same). The Appeals Council incorrectly determined that Dr. Goldman's records did not relate to the time period before the ALJ's decision, failed to make those records part of the administrative record, and denied Claimant's request for review without considering Dr. Goldman's opinions. R. 2, 5-6. The Court finds that the Appeals Council's actions with respect to Dr. Goldman's records constitute an error of law requiring reversal under sentence four of 42 U.S.C. § 405(g). *See Keeton*, 21 F.3d at 1066; *Ingram*, 496 F.3d at 1260 ("failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal); *Carey*, 2014 WL 7788475, at *4-5 (M.D. Fla. Mar. 10, 2014).[6] Based on the forgoing, the Court finds that remand to the Appeals Council is necessary for consideration of Dr. Goldman's records (*see supra* n.3).[7]

## II.  CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

---

[6] The Commissioner argues that the Court should analyze Dr. Goldman's records under sentence six of 42 U.S.C § 405(g) rather than under sentence four. Doc. No. 17 at 22. Sentence six of 42 U.S.C. § 405(g), which allows for a remand only upon the claimant demonstrating good cause for failing to present the new evidence at an earlier stage in the proceedings, is not applicable to the facts of this case. "Sentence six . . . provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court." *Ingram*, 496 F.3d at 1267. Here, the evidence was first presented to the Appeals Council, which requires review under sentence four of Section 405(g). *See Keeton,* 21 F.3d at 1067; *Carey*, 2014 WL 7788475, at *4-5 (M.D. Fla. Mar. 10, 2014).

[7] Based upon the Appeals Council's error with respect to Dr. Goldman's records, it is impossible for the Court to determine whether substantial evidence otherwise supports the Commissioner's decision. *See Ingram*, 496 F.3d at 1260. Accordingly, it is unnecessary to consider the Claimant's other allegations of error (*see supra* n.2).

2.  The Clerk is directed to enter judgment in favor of the Plaintiff and against the Commissioner; and

3.  The Clerk is directed to close the case.

**DONE AND ORDERED** in Orlando, Florida on March 30, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable W. Stephen Hubbard
Administrative Law Judge
c/o Office of Disability Adjudication and Review
McCoy Federal Bldg
100 W. Capitol St.
Jackson, MS 39269